# EMINENT DOMAIN—ATTORNEYS—VERDICT—COSTS—ESTOPPEL—STATUTES.

[Richland (5th) Circuit Court, January Term, 1904.]

Voorhees, Donahue and McCarty, JJ.

*ANNA L. WILER v. LOGAN NAT. GAS & FUEL CO.

1. RIGHT OF PROBATE COURT TO ALLOW ATTORNEY FEES TO THE DEFENDANT IN CON-
DEMNATION PROCEEDINGS, WHERE PLAINTIFF REFUSES TO TAKE THE PROPERTY AND
PAY THE AMOUNT OF THE VERDICT.

Where a corporation has abandoned condemnation proceedings to appro-
priate private property, the probate court is authorized to include in de-
fendant's expenses his reasonable attorney fees, and the power to fix this
amount at what is just and reasonable is with the probate court, and its
judgment in that behalf will not be disturbed unless it appears to be an
abuse of discretion or manifestly against the weight of the evidence.

2. EVIDENCE AS TO NATURE OF SERVICES, ETC., ADMISSIBLE, TO GUIDE COURT IN FIX-
ING REASONABLE ATTORNEY FEES, IN SUCH PROCEEDING.

The introduction of evidence on a motion for judgment for defendant's
costs and expenses in a condemnation proceeding abandoned by the plain-
tiff, for the purpose of proving the amount of expenses and attorney fees
defendant has paid or will be compelled to pay is proper; but the decision
as to the reasonableness thereof rests in the discretion of the court, and for
this purpose, evidence is likewise admissible, to show the nature of the
services performed by counsel, the character of the litigation and the
amount involved.

3. CORPORATION BRINGING CONDEMNATION PROCEEDINGS ESTOPPED TO SET UP UNCON-
STITUTIONALITY OF PART OF ACT.

A corporation invoking the aid of the courts to acquire private property
by condemnation proceedings and seeking to avail itself of the special
privileges conferred on it by Chap. 8 of the probate code, Lan. R. L. 9990-
10030 (R. S. 6414-6453), is estopped to question the constitutionality of
the parts of the law which impose burdens upon it.

4. PROBATE COURT HAS AUTHORITY TO EMPANEL JURY TO DETERMINE QUESTION OF
FACT.

Wherever the probate court has jurisdiction to hear and determine any
question of fact, if either party thereto is entitled to a jury trial for the
determination of the question, the court has full power to impanel such
a jury.

5. FIXING COSTS BY PROBATE COURT NOT A VIOLATION OF GUARANTY OF TRIAL BY
JURY.

The legislature has authority, in providing for special proceedings, to fix
and determine what shall be denominated as costs, and to authorize the
court to fix the amount thereof; and the constitutional guaranty of the
right of trial by jury is not violated by such a provision in condemnation
proceedings.

6. SPECIAL METHOD PROVIDED FOR PROSECUTING ERROR TO APPROPRIATION PROCEED-
INGS IS EXCLUSIVE.

Where the method is provided by which error shall be prosecuted to the
judgment or finding of a court in a special statutory proceeding, such

*Affirmed, no report, Logan Nat. Gas. & Fuel Co. v. Wiler, 50 Bull. 122.
17  O. C. C. Vol 27

method will be exclusive; hence, error proceedings brought in the com
mon pleas court in a condemnation proceeding under the general statutory
provisions, are improper, and a reviewing court acquires no jurisdiction
thereby.

7. AMENDMENT TO ACT OF LEGISLATURE PRESUMED TO BE MADE IN CONTEMPLATION
OF REMAINING SECTIONS.

Under the presumption that amendments to a statute are made in con-
templation of a construction in *pari materia* with the other sections of the
original act, a section providing the mode of prosecuting error to all
judgments entered in pursuance of the provisions of an act will be con-
strued to apply to a proceeding brought under an amended section,
although the original act did not provide therefor.

ERROR to Richland common pleas court.

**Cummings, McBride & Wolfe** and **L. T. Neal,** for plaintiff in
error.

**Brucker & Cummins,** for defendant in error.

## DONAHUE, J.

''The action out of which this proceeding in error originates was
brought by the Logan Natural Gas & Fuel Co., a corporation under the
laws of Ohio, to appropriate private property for the laying of its gas
mains and pipes, under favor of the provisions of Chap. 8, title 2 Rev.
Stat. The case was tried to a jury in the probate court of this county,
and the jury returned a verdict fixing the compensation and damages to
defendants in the sum of $10,250. The probate court entered a judg-
ment confirming this verdict and no error was prosecuted to the same,
but the plaintiff corporation failed and neglected to pay the amount of
the verdict within the time specified in Lan. R. L. 10011 (R. S. 6434)
for the payment of the same, and thereupon the probate court on mo-
tion of defendants, proceeded to and did enter a judgment against the
corporation in favor of defendants in that action for the amount of
the expenses incurred by defendants, including time spent and attorney
fees incurred by them, upon evidence offered in that behalf, in such
amount as to it seemed just and reasonable, and that amount it fixed
at $1,535.50. Error was prosecuted by the plaintiff corporation to this
judgment of the probate court, in the common pleas court of this
county, and that court reversed the judgment of the probate court for
divers reasons stated in the entry of reversal, and error is now prose-
cuted by the defendants in the original suit to the judgment of the
common pleas court reversing the judgment of the probate court.

The plaintiffs in error contend first, that the proceedings in error
in the common pleas court were brought under the general statute and
not in accordance with the special statute directing the time in which
error proceedings under this chapter should be brought, to wit, 30

Wiler v. Gas & Fuel Co.

days; and further contend that the common pleas court erred in holding that Lan. R. L. 10011 and 10012 (R. S. 6434 and 6435) were unconstitutional; and that it erred in holding that improper evidence was admitted, and that the judgment below was excessive.

1. As to the introduction of evidence. We think it was perfectly proper for the defendants in that case to show to the court the amount of expenses and attorney fees they had paid or would be compelled to pay. The question of its reasonableness, however, was still left to the court. We think the court had a right to advise itself in a legitimate way as to the services performed by counsel, the nature and extent of the same, and the character of the litigation and the amount involved therein, in determining what would be just and reasonable, and we do not think there was any error in the admission of that evidence.

2. As to the contention of plaintiff in error that the amount allowed was excessive. It is sufficient for us to say that the probate court has the authority to fix this amount at what is just and reasonable, and its judgment ought not to be disturbed unless it appears to be an abuse of discretion or manifestly against the weight of the evidence. We think the services rendered, however, were reasonably worth the amount allowed. There is no question but that the ordinary fee in such case would have been at least that amount, had the verdict been paid, and the fact that it was not paid by the defendant in error cannot operate to lessen the amount of reasonable attorney fees; but if the contention of defendant in error is correct, that the property in dispute was not worth to exceed $1,000, even in the opinion of defendants below, and in their opinion only worth $250, and the services of counsel were so meritorious as to wrest a verdict from the jury of $10,250 to which no error is prosecuted, and in view of the fact that able counsel represented the other side of the case, it would seem that that character of service is reasonably worth the sum charged, and few litigants would complain of the amount. We think the ability with which the legal service was performed and the result obtained, has something to do with fixing a fair and proper compensation to the attorney, and this is but a matter of common knowledge to the profession, and the profession does so regulate its fees.

3. The next contention, and in fact the principal contention urged upon us is the question of the constitutionality of these sections. We think it extremely doubtful whether the defendants in error are in position to raise the question of the constitutionality of these sections. This whole chapter with all its provisions, is a chapter conferring extraordinary and special powers upon corporations, far in excess of the

powers in the individual. It gives the corporation a right to take private property without the consent of its owner. It is in effect one of the attributes of the sovereignty of the state. In other words, it is clothing corporations with a right of eminent domain, and in conferring extraordinary powers upon corporations, it would seem to be but just and fair to impose proper limitations and burdens.

This whole chapter with all its parts and parcels is but one provision, notwithstanding the sections are differently numbered. The foundation of the whole was passed as but one act, and with a few amendments added thereto from time to time, still remains as it was originally enacted in one act of the legislature. Therefore we think that when a corporation comes into court and invokes the aid of a court to acquire and possess itself of private property, and avail itself of all the rights and benefits conferred by this chapter, that it is forever estopped to question the constitutionality of each and every part of the law that it is seeking to assert in its own behalf. This question is properly, fairly and fully disposed of in the case of *Tone* v. *Columbus*, 39 Ohio St. 281 [48 Am. Rep. 438], in which it was held that a person asking a city council by petition or otherwise, to proceed under an unconstitutional law to make certain improvements, was forever estopped to raise the question of the constitutionality of the act which he himself had asked the city council to proceed under.

It is argued that the right of trial by jury is taken away from this corporation by Lan. R. L. 10011 (R. S. 6434), because it makes no provision for right of trial by jury. It is true that nothing is said in the statute of the right of the court to impanel a jury, but the right of the court to fix attorney fees in cases is granted by the other statutes in other cases in this state, notable instance of which is partition cases, and no question has ever been raised as to the right of the court so to do, and we think that even if it were not possible for the court to impanel a jury at the request of the corporation, that it is possible for the legislature of Ohio to declare what shall be denominated as costs, that a litigant may recover, and what may not be. The legislature has so declared in other statutes, and where a special proceeding is provided for, why may not the legislature fix and determine what shall be regarded as costs and give the court jurisdiction in such cases as well as under the general statute to fix and settle cost bills therein. But while we think the defendant in error was not entitled to a jury in this case, yet we do not wish to be understood as holding that the probate court has no jurisdiction to impanel a jury to try this question. We think the authorities in Ohio are ample and conclusive that wherever the probate

Wiler v. Gas & Fuel Co.

court has jurisdiction to hear and determine any question of fact, that if either of the parties thereto is entitled to demand a jury for the determination of that issue of fact, the probate court has full power to impanel such a jury.

In the case at bar the record does not disclose that the plaintiff demanded a jury. It merely shows that it objected to the introduction of evidence. Of course if the court had no power to impanel a jury, the law does not require any vain nor useless thing to be done, and the failure to demand a jury would not defeat the plaintiff's right to a jury.

In the case of *Railway* v. *O'Harra*, 48 Ohio St. 343 [28 N. E. Rep. 175], and particularly on page 356, the court hold that by virtue of the provisions of Lan. R. L. 826, 828, 9987 (R. S. 537, 539, 6411), the probate court has the same power and authority as has the common pleas court. Further on the court say:

"In such case any order which it would be necessary for the common pleas to make in the impaneling of a struck jury or a special jury, may be made by the probate court, because necessary to carry into effect the powers granted it in the trial of an issue upon which the parties are entitled to a jury."

But if this opinion leaves the question at all in doubt, it is fully settled by the case of *Doan* v. *Biteley*, 49 Ohio St. 588 [32 N. E. Rep. 600]. The second paragraph of the syllabus in that case is as follows:

"The probate court has jurisdiction to try any question of fact arising in such action therein prosecuted, or afford the parties a trial by jury when the nature of the issues entitle them to a jury trial, or render it appropriate."

In the opinion in that case the court say:

"The record does not disclose that any demand was made for a jury trial but, if there were no means by which it could have been obtained, the failure to make the demand, would not affect the question. We are satisfied, however, that ample power is vested in the courts of probate to award the parties a trial by jury in such cases, when the nature of the issues demands it. This power may be found in Sec. [Lan. 9683] 6143 Rev. Stat."

But we do not think that the question as to whether the probate court had a right to impanel the jury or not is very material in the disposition of this cause. The original act passed April 23, 1872, and found in 69 O. L. 88, did not, as we read it, make any such provision as is now found in Lan. R. L. 10011 (R. S. 6434), but did provide in Sec. 10 that the probate judge should render judgment on the verdict

for the amount thereof and for costs "which judgment may be enforced by execution, as upon judgment at law." This Sec. 10 was amended April 19, 1873 (70 O. L. 147), but it still provided that the judgment rendered upon the verdict should be enforced by execution as upon judgment at law. March 23, 1875 (72 O. L. 74) this Sec. 10 was amended, and in this amendment to Sec. 10 the provision for enforcement of the judgment by execution was omitted, and a proviso added, which proviso is in the language of Lan. R. L. 10011 and 10012 (R. S. 6434 and 6435), and this is the last enactment of the legislature upon this subject, and the division of this Sec. 10 of that act as amended on the date last above-named, has been separated into Lan. R. L. 10011 and 10012 (R. S. 6434 and 6435), by the codifying commission, but naturally we must look to the law as it was enacted in order to determine any question arising from the same, and Sec. 10 of that act is now separated not only into Lan. R. L. 10011 and 10012 (R. S. 6434 and 6435) but also portions of it are found in Lan. R. L. 10009 and 10010 (R. S. 6432 and 6433), so that Lan. R. L. 10009, 10010, 10011 and 10012 (R. S. 6432, 6433, 6434 and 6435), are Sec. 10 of the act as amended in 72 O. L. 74, and the whole section must be taken together in determining as to any of its parts.

The provisions of this amendment are solely for the benefit of the corporation bringing the action, and if this amendment is unconstitutional in the burdens imposed upon the corporation, the corporation cannot claim its benefits in one breath and its unconstitutionality in another. It must stand or fall together. Of course we recognize the rule that where a portion of a statute is unconstitutional and it can be separated without impairing the constitutional part of it, it ought to be done; but when a statute is amended granting specific and extraordinary rights to a corporation not theretofore enjoyed by it, and as a condition thereto attaching additional burdens, and fair and equitable burdens, viewed from any standpoint, we do not think that the corporation claiming its benefits can attack that portion which increases its burdens. But if the contention of defendant in error is true, that this amendment granting this special privilege is unconstitutional, then the unconstitutional amendment could have no effect whatever upon the law as it then existed, and the repealing clause does not have the effect of repealing the original constitutional section.

So that if the contention of the corporation here is true, and it is permitted to make this contention, then the judgment of the court must be held to have been pronounced under the authority of the original act, and can be enforced by execution at law. So that, as we view it,

Wiler v. Gas & Fuel Co.

the corporation by insisting upon the unconstitutionality of this section, takes away from itself the privilege to refuse payment of the judgment rendered upon the verdict. But, as we have already suggested, we do not think this statute is unconstitutional, and even if it were, we do not think, this defendant in error, having proceeded under favor of this chapter can now attack it.

One other argument advanced by counsel for defendant in error is, that the provision of that portion of the section which is now found in Lan. R. L. 10012 (R. S. 6435) gives the owners of land a privilege that it does not give to the corporation, and therefore that under the provisions of this section, the litigants do not stand equal in the law, and for that reason the statute must be unconstitutional, but for the very reasons we have heretofore suggested, to wit, that this section is in favor of the corporations and for its benefit, and conferring upon it a privilege of refusing to take under the judgment, which is not extended in the same section to the owner of land, that when it exercises that privilege it cannot be heard to complain that a privilege is afforded the landowner in the same section, upon their refusal to take, that is not afforded to it. We think, however, that the legislature had a right in extending to corporations this privilege, to burden them with the conditions thereof, and it is for them to take or accept as they choose. There is certainly no rule of right nor conscionable theory upon which a corporation may harrass owners of land with litigation to subject the land to the use of that corporation, and when the judgment and verdict is unsatisfactory to it, abandon the litigation without making the defendants whole.

Aside from all these considerations we think the question made by the plaintiff in error that the proceeding in error was not properly brought by the plaintiff in error in the common pleas court, according to the terms and within the time limited by Lan. R. L. 10014 (R. S. 6437) must be sustained. The general laws for the prosecuting of error apply to all matters not specifically provided for, but where there is a special proceeding provided by statute, and where the means and method are pointed out in the same law, by which error shall be prosecuted to the judgment or finding of a court in these special proceedings, is definite and certain, the special provisions must obtain.

Laning R. L. 10014 (R. S. 6437) was Sec. 12 of the original act and provided, as originally enacted, that all the proceedings herein provided for in the probate court, shall be open to exceptions in the same manner that exceptions are or may be taken in the civil suits in the court of common pleas, and either party may file their petition in

Richland County.

error in the court of common pleas of the proper county within thirty days from the rendition of the final judgment in the probate court, etc.

This Sec. 10 under authority of which the probate court rendered judgment in this action preceded Sec. 12 and of course the various amendments of Sec. 10 'take the place in the original act of the original section, and all amendments of that section are presumed to have been made in contemplation of the provisions of the subsequent sections of the original act. So that we think the provision that ''a proceeding herein provided for in the probate court'' found in the language of the original Sec. 12 is broad enough to include this judgment, and therefore we think it is specially provided in this original act, providing for this special proceeding, how error shall be prosecuted to each and all of the judgments entered in pursuance of the foregoing sections of the same act. This original Sec. 12 has never been amended; the codifying commission has left out the words that we have quoted, but that, of course, is not important. They are to be taken into consideration in construing the statute, and so considering them, we cannot but find that this judgment is one of the final judgments named in this section, and if error is to be prosecuted therefor, it must be prosecuted under the provisions thereof.

''We therefore find that the court of common pleas erred in reversing the judgment of the probate court, and that there is' no error apparent upon the record of the proceedings in the probate court to the prejudice of the corporation defendant in error .here; so that the judgment of reversal is reversed and the judgment of the probate court is affirmed, with costs, and said cause is remanded to the probate court for execution. Exceptions noted.''

**Voorhees** and *McCarty*, **JJ.**, concur.